# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1807V

|  |  |
|---|---|
| CARL JOHNSON, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 13, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 26, 2019, Carl Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration (known as SIRVA) from an influenza vaccine he received on October 24, 2017. Petition at 1. On October 27, 2022, I issued a factual finding that Petitioner had met the Vaccine Act's severity requirement. ECF No. 38, *see* Section 11(c)(1)(D). Approximately seven months later, on May 16, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 44.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $36,589.91 (representing $34,351.95 in fees and $2,237.96 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed Sept. 25, 2023, ECF No. 49. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 49-3.

More than three months past the applicable deadline on January 16, 2024, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 50. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1.

Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. ECF No. 46 at 49-1 at 45. Regarding the number of hours billed, however, I deem the *total* amount of time devoted to addressing severity to be excessive. *See* Petitioner's Brief, filed Dec. 9, 2021, ECF No. 35. Petitioner's counsel expended approximately 34.9[3] hours on briefing. ECF No. 49-1 at 31-39. And my above calculation does not include time spent communicating with Petitioner, which is also being awarded in full. *See,* e.g., ECF No. 49-1 at 33 (both entries dated 11/14/21).

It is unreasonable for counsel to spend so much time briefing the factual issue of severity in this case. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished a similar task in about half the time.[5] *See,* e.g., *Alsip v. Sec'y of Health & Hum. Servs.*, No. 21-1815V (Mar. 22, 2023) (9.6 billed for a brief regarding severity); *Law v. Sec'y of Health & Hum. Servs.*, No. 21-0699V (Feb. 23, 2023) (13.2 hours billed for a brief regarding severity); *Smith v. Sec'y of Health & Hum. Servs.,* No. 19-0314V (Apr. 26, 2022) (11 and 5 hours billed for drafting a motion and reply for a factual ruling regarding onset).

Having prevailed in this case, a fees award is generally appropriate. But the Act permits only an award of a *reasonable amount of* attorney's fees. Given that the hours billed were not as disproportional as in other cases and the briefing aided significantly in moving the case to resolution, I will reduce the hours billed by a lower amount than I

---

[3] These totals are calculated as follows: 33.6 hours billed on 8/16/21 (four entries), 9/16/21 (two entries), 9/19/21 (two entries), 9/26/21, 10/4/21, 10/12/21 (two entries), 10/13/21 (five entries), 10/14/21, 10/22/21 (two entries), 11/7/21 (two entries), 11/16/21, 11/23/21, 11/26/21 (two entries), 11/30/21, 12/1/21 (five entries), 12/2/21 (two entries), 12/7/21, 12/9/21 (four entries), by Christian Martinez at a rate of $235; 0.9 hours billed on 8/26/21 by Donna Connell at a rate of $154; and 0.4 hours billed on 12/9/21 by Bruce Slane at a rate of $375.

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] These decisions can be found on the United States Court of Federal Claims website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Feb. 7, 2024).

otherwise would apply. *See,* e.g., *Moreland v. Sec'y of Health & Hum. Servs.,* No. 18-1319V, 2023 WL 7104781 (Fed. Cl. Spec. Mstr. Aug. 31, 2023). Accordingly, I will reduce the sum to be awarded for severity briefing (**a total of 34.9 hours, or $8,184.60**) by *twenty percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,636.92.**[7]

## ATTORNEY COSTS

Petitioner requests $2,237.96, and he has provided supporting documentation for all claimed attorney costs. ECF No. 49 at 45-47; ECF No. 49-2. Additionally, Respondent offered no specific objection to the rates or amounts sought. Thus, I will award the amount of attorney's costs sought in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$34,952.99 (representing $32,715.03 in fees and $2,237.96 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: (33.6 x $235 x .20) + (0.9 x $154 x .20) + (0.4 hrs. x $375 x .20) = $1,636.92.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.